Murphy v. McDonald.

## Patrick Murphy
### v.
## J. H. McDonald.

Trial of right of property—Appeal must be prayed for when judgment rendered.—In cases of trial of right of property, the statute requires that an appeal should be prayed for on the day of entering judgment in the cause. So, where the record showed that such appeal was not prayed for until three days after rendering judgment, it was error for the county court to overrule a motion to dismiss the appeal,

Appeal from the County Court of Morgan county; the Hon. E. P. Kirby, Judge, presiding.

Mr. G. W. Smith, for appellant; that the appeal should be prayed on the day of entering the judgment, cited Pearce v. Swan, 1 Scam. 266; Rev. Stat. 1874, 652, § 102.

Mr. George J. Dod, for appellee; as to the manner in which appellant took possession of the property in controversy, and that the sale to him was fraudulent *per se*, cited Ticknor v. McClelland, 84 Ill. 471; Lewis v. Swift, 54 Ill. 436.

Per Curiam. This was a case of the trial of the right of property in which appellant was plaintiff and appellee defendant, had before D. C. Callon, a justice of the peace of Morgan county. Final judgment in favor of appellant was rendered, and the docket was signed by the justice on the 28th day of August, A. D. 1878.

The justice afterwards made the following entry on the justice docket: "The defendant, J. H. McDonald, made demand for an appeal to the County Court, and a bond filed August 31st, 1878, and transcript made up."

The appellant in the County Court moved to dismiss appeal for the reason that the record did not show that an appeal was prayed on the day of entering the judgment in said cause before the justice. This motion the County Court denied, and the appellant excepted to the ruling of the court.

Judgment having been rendered against appellant for costs, he appeals to this court, and assigns for error, among other matters, that the County Court erred in refusing to dismiss appeal. We think the error is well assigned; the statute requires that the appeal shall be prayed for on the day of entering judgment. Statute 1874, 652, § 102.

In this case the record shows that the appeal was not prayed for till August 31st, while the judgment was rendered August 28th. For this error of the County Court, the judgment is reversed and the cause remanded.

Reversed and remanded.